IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEONARDO CASANOVA MONTERO,

       Petitioner,

v.                              No.  CIV-05-0288 JH/LAM

ROBERT ULIBARRI, et al.,

       Respondents.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

1.      **THIS MATTER** is before the Court on Respondents' *Motion to Dismis[sic] Petition for Writ of Habeas Corpus* (*Doc. 9*) (hereinafter, "Motion"), filed on April 19, 2005.  Having considered the parties submissions and relevant law, the Court **FINDS** that Respondents' Motion is well-taken and should be **GRANTED** and this action should be **DISMISSED WITH PREJUDICE**.

2.      Petitioner is incarcerated and proceeding *pro se*.  On March 14, 2005, Petitioner filed an *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody* (*Doc. 1*) (hereinafter, "Application").[2]  In their Motion, Respondents contend, *inter alia*,

---

[1]**Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

[2]Petitioner asserts the following claims in his Application: (1) there was insufficient evidence to support his state convictions; (2) his state sentence included an illegal banishment provision,

(continued...)

that the Application should be dismissed because it was not filed within the one-year statute of limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter, "AEDPA").[3]  Petitioner failed to file and serve a timely response to the Motion and on June 3, 2005, the Court entered a *Briefing Scheduling Order* (*Doc.14*) which ordered Petitioner to file a response to the Motion no later than June 20, 2005.  That order warned Petitioner that his failure to file a response to the Motion within the requisite time period would be considered as consent to grant the Motion and dismiss this action with prejudice.  *See Briefing Scheduling Order* (*Doc. 14*) at 1.  To date, Petitioner has not filed a response to the Motion.

### *Background*

3.        On January 6, 2000, the New Mexico state district court entered its judgment, sentence and commitment on Petitioner's convictions of trafficking of cocaine (by distribution) and conspiracy to commit trafficking of cocaine (by distribution).  *See Answer* (*Doc. 11*), Exhibit A.  The New Mexico Court of Appeals affirmed Petitioner's convictions in a memorandum opinion filed on December 5, 2000.  *See Answer* (*Doc. 11*), Exhibit I.  On December 27, 2000, Petitioner filed a petition for writ of certiorari for the review of his case by the New Mexico Supreme Court.  *See Answer* (*Doc. 11*), Exhibit J.  The New Mexico Supreme Court denied this petition in an order filed on January 23, 2001.  *See Answer* (*Doc. 11*), Exhibit K.  The New Mexico Court of Appeals

---

[2](...continued)
prohibiting him from being in a specific neighborhood; (3) his state convictions violate the double jeopardy clause of the United States and New Mexico Constitutions; and (4) he was denied effective assistance of counsel, both at trial and on appeal.  *See* Application at 6-9, Attachments A-C.

[3]Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).

issued its mandate to the state district court on February 21, 2001. *See Answer* (*Doc. 11*), Exhibit L. Petitioner did not seek a writ of certiorari from the United States Supreme Court.

4.      On November 6, 2001, Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court in case numbered CIV-01-1264 JP/WWD, entitled "Leonardo Casanova Montero v. Erasmo Bravo**,** et al." *See Answer* (*Doc. 11*), Exhibit M.  That case was dismissed without prejudice on February 11, 2002, on grounds of non-exhaustion of claims, because Petitioner had failed to exhaust all of his claims in state court.  *See Answer* (*Doc. 11*), Exhibits P, R and S.  The proposed findings and recommended disposition entered by the Magistrate Judge in Case No. CIV- 01-1264 JP/WWD, which were adopted by the District Court Judge, expressly stated that the one-year statute of limitations in AEDPA would continue to apply to all of the claims in Petitioner's application, **including those that were exhausted claims**, if his application was dismissed without prejudice.  *See Answer* (*Doc. 11*), Exhibit P at 5-6.

5.      On April 4, 2002, Petitioner filed a petition for writ of habeas corpus in New Mexico state district court.  *See Answer* (*Doc. 11*), Exhibit T.  The state district court dismissed the petition on April 12, 2002.  *See Answer* (*Doc. 11*), Exhibit U.  Petitioner did not appeal the dismissal.

6.      On November 7, 2003, Petitioner filed a second petition for writ of habeas corpus in New Mexico state district court.  *See Answer* (*Doc. 11*), Exhibit V.  The state district court dismissed the petition on January 21, 2004.  *See Answer* (*Doc. 11*), Exhibit X.  Petitioner did not appeal the dismissal.

7.      On March 14, 2005, Petitioner filed this action for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. *See Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody* (*Doc. 1*).

8.      As amended by AEDPA, 28 U.S.C. § 2244(d)(1) imposes a one-year limitation period on an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The relevant provision of the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of - -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . . .

This one-year period of limitation is tolled, *i.e.*, not counted toward any period of limitation, for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).  However, an application for federal habeas corpus review is not considered an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) and does not toll the limitation period.  *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001).  This one-year limitation period may also be subject to equitable tolling, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).[4] According to the Tenth Circuit, equitable tolling is appropriate "only in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citation omitted).  In his Application, Petitioner has failed to make any showing that he would

---

[4]The United States Supreme Court has not expressly decided the question of whether equitable tolling is applicable to AEDPA's statute of limitations.  *See Pace v. DiGuglielmo*, ___ U.S.___ n.8, 125 S.Ct. 1807, 1814 n.8 (2005).

be entitled to equitable tolling.  Since he failed to respond to Respondents' Motion, Petitioner has

also failed to present any argument that equitable tolling should apply in his case.

### *Respondents' Motion to Dismiss*

9.      In connection with their Motion, Respondents contend that Petitioner's state court

convictions became final on January 23, 2001, the date on which the New Mexico Supreme Court

denied his petition for writ of certiorari, and that his one-year limitation period began to run on that

date.  *See **Respondents' Memorandum in Support of Motion to Dismiss Petition*** (*Doc. 10*), at sixth

page.  Respondents calculated that the limitation period was tolled pursuant to 28 U.S.C. § 2244(d)(2)

during the pendency of Petitioner's first federal habeas application and his two state habeas petitions,

and concluded that Petitioner's habeas application in this proceeding was filed more than two years

and five months beyond the expiration of the one-year limitation period.  *Id.*  Respondents contend

that this action should be dismissed with prejudice because it was not filed within the one-year

limitation period, taking into account the foregoing tolling periods.  *Id.*

10.      In addition to their limitation period argument, Respondents argue that Petitioner's

claims of double jeopardy and ineffective assistance of counsel are barred by his failure to exhaust

available state remedies and procedural default.  *See **Respondents' Memorandum in Support of**

**Motion to Dismiss Petition*** (*Doc. 10*), at first through fourth pages.  Respondents also assert that

all of Petitioner's claims should be dismissed because they fail to state a claim upon which relief could

be granted.  *See **Respondents' Memorandum in Support of Motion to Dismiss Petition*** (*Doc. 10*),

at fourth and fifth pages.  Because the Court has determined that Petitioner's application for habeas

relief in this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d)(1), it need not

decide these other issues.  While the Court calculates Petitioner's one-year limitation period under

AEDPA differently than Respondents do, it reaches the same conclusion as Respondents that the limitation period had expired when Petitioner filed this action on March 14, 2005.

      11.    Petitioner's one-year limitation period under 28 U.S.C. § 2244(d)(1)(A) began to run on April 23, 2001, which was ninety days after the New Mexico Supreme Court denied, on January 23, 2001, his petition for writ of certiorari in his direct appeal.[5] Thus, absent tolling, his federal habeas application would have been due one year later on April 23, 2002. Petitioner's initial federal habeas proceeding did not toll the limitation period. *See Duncan v. Walker*, 533 U.S. at 181-182 (application for federal habeas corpus review does not toll one-year limitation period under AEDPA). However, statutory tolling, pursuant to 28 U.S.C. § 2244(d)(2), extended the one-year deadline during the pendency of Petitioner's initial state habeas proceeding for forty days to June 2, 2002.[6] Therefore, Petitioner had until June 2, 2002, to file this action.[7] Because Petitioner

_____

[5]In this case, there is no indication that the one-year limitation period runs from any date other than the date on which Petitioner's state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A). To calculate this date, the Tenth Circuit has held that a petitioner's state court conviction is not final, and the one-year limitation period under 28 U.S.C. § 2244(d)(1)(A) does not begin to run, until after the state court of last resort has issued a decision **and** "'the United States Supreme Court has denied review, or, if no petition for certiorari is filed, . . . the time for filing a petition for certiorari with the Supreme Court has passed.'" *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001), quoting *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). In the present case, the New Mexico Supreme Court denied Petitioner's petition for writ of certiorari in his direct appeal on January 23, 2001. *See Answer* (*Doc. 11*), Exhibit K. Ninety days later, on April 23, 2001, his time for filing a petition for certiorari with the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13, 28 U.S.C.A. (2001 Pocket Part). Thus, Petitioner's state court judgment became final, for purposes of 28 U.S.C. § 2244(d)(1)(A), on April 23, 2001, and the one-year limitation period began to run on that date.

[6]Petitioner's first state habeas proceeding tolled the filing period for forty days from April 4, 2002, the date it was filed, to May 13, 2002, the last day on which Petitioner could have appealed the April 12, 2002 dismissal of the petition, which he failed to do. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("regardless of whether a petitioner actually appeals a denial of
(continued...)

did not file this action until March 14, 2005,[8] his application was untimely by over two-and-one-half years, and all of his claims were time-barred under the one-year limitation period contained in 28 U.S.C. § 2244(d)(1)(A).

## RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned hereby recommends that Respondents' *Motion to Dismis[sic] Petition for Writ of Habeas Corpus* (*Doc. 9*) be **GRANTED** and this action be **DISMISSED WITH PREJUDICE** on the grounds that Petitioner's *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody* (*Doc. 1*) is time-barred pursuant to 28 U.S.C. § 28 U.S.C. § 2244(d).

*Lourdes A. Martínez*
_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

(...continued)
a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law") (emphasis in original); Rule 12-201(A)(2), N.M.R.A. (2002) (time for appeal from dismissal of state habeas corpus petition by state district court in New Mexico is thirty days).

[7]The tolling effect of Petitioner's second, state habeas proceeding is irrelevant to the calculation of the one-year limitation period in the present case because that state proceeding was filed on November 7, 2003, more than one year *after* Petitioner's deadline of June 2, 2002, for filing this action.

[8]*See* Petition, at 1.